REQUESTED BY: Donald L. Knowles, Douglas County Attorney.
1. May a county treasurer refuse to register a motor vehicle when the applicant refuses to pay the sales tax or refuses to furnish a certified statement of the transaction as R.S.Supp. (7j), R.S.Supp. 1976?
2. Is the signature of the seller on the statement required?
3. Is the criminal penalty imposed by section77-2703(1)(j) on private sellers who refuse to furnish a certified statement of a transfer of a motor vehicle valid?
4. Is Regulation 1-20(5)e of the Nebraska Department of Revenue Rules and Regulations valid?
5. May a county treasurer refuse to register a motor vehicle when its donee has submitted a certified statement of the transaction in the form prescribed by the Tax Commissioner?
1. Yes.
2. Yes.
3. Yes.
4. Yes.
5. Not if the applicable provisions of the rules and regulations have been complied with.
1. Under the statutes of the State of Nebraska, the sales or use tax imposed upon the sales of tangible property sold at retail is imposed at the time of sale. In the statute under consideration, the tax imposed is directed to be collected by the county treasurer at the time the purchaser makes application for registration of a motor vehicle, trailer, or semitrailer for operation on the highways of the state. In order to register a motor vehicle it is necessary to make application for it. If the tax is to be paid or collected at that time, it necessarily comprehends that the sales tax must be paid prior to the issuance of the registration. This result must obviously follow because persons are required to make application for registration under section60-302, R.R.S. 1943. Obviously, the issuance of a registration certificate can only occur after the application has been completed. Part of the completion of the application is the collection of the sales tax imposed. Absent the collection of the sales tax, the registration would of necessity be denied, because the collection of the tax is a condition of issuance.
You also inquire about the situation existent when the purchaser, or applicant for registration, refuses to furnish a certified statement of the transaction. Section 77-2703
provides in part:
 ". . . The sales tax due shall be computed on the difference between the total sales price and the allowance for any trade-in as disclosed by such certified statement. A copy of such certified statement shall also be furnished to the Tax Commissioner. . . ."
Obviously, if the purchaser refuses to furnish a certified statement of the transaction, that computation cannot occur. Absent the ability to comply with the statute by computing the sales tax from the information provided by the certified statement, once again, it would be impossible to collect the tax at the time of application. Since that is the time at which the tax is to be collected, the application must be denied because of the inability of the treasurer to perform the functions mandated by statute.
2. Section 77-2703 provides that the seller at the time of sale shall furnish the purchaser with a certified statement of the transaction in such form as the Tax Commissioner shall prescribe. The Tax Commissioner has prescribed form TC 64 for this purpose. That form carries a line for the signature of the seller. Black's Law Dictionary defines certificate as:
 "A written assurance, or official representation, that some act has or has not been done, or some event occurred. . . ."
Historically, it was a writing issued from a court designating the things done. Black's defines certify as, `to testify in writing.' It seems obvious that under the definition certification or certificate carries with it the assumption that the person who is issuing the certificate is required to sign his name. We find it difficult to conceive of a situation in which a certificate of any sort could be issued that did not have the signature of the person or entity issuing the certificate.
In any event, even if a certificate may issue absent the signature of the person having the authority to issue the document, the form prescribed by the Tax Commissioner calls for the signature of the seller. Since the form calls for it, it is our opinion that to fill out the form without signing it would constitute a failure to comply with the requirements of the Tax Commissioner under the authority granted by section 77-2703, R.S.Supp. 1976.
3. You refer specifically to the misdemeanor provisions set forth in section 77-2703, R.S.Supp. 1976. That section provides in part:
 ". . . Any seller who fails or refuses to furnish such certified statement or who willfully falsifies any such statement shall be guilty of a misdemeanor and shall, upon conviction thereof, be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars. . . ."
Seller is defined by section 77-2702(16), R.S.Supp. 1976, as follows:
 "Seller shall include every person engaged in the business of selling, leasing, or renting tangible personal property of a kind the gross receipts from the retail sale, lease, or rental of which are required to be included in the measure of the sales tax."
We assume that your question is, at least in part, based upon this definition. We hasten to point out, however, that the definitional section is overridden where the context requires a different definition than those set forth in section77-2702. Arguably, this definition might be read to apply only to persons engaged in the business of selling, leasing, or renting automobiles. However, it is clear that the tax is imposed upon all transactions involving motor vehicles where a registration is to be secured. Even though a private person may sell the motor vehicle and not be engaged in business as a retailer, we believe that the only interpretation that can be given to section 77-2703(1)(j) is that it is intended to include all sellers. For instance, the section refers to `the seller,' and `any seller,' and refers to all sales for which a registration shall occur. Further, if there is no intention to register the motor vehicle, the purchaser within 20 days is required to pay the sales tax imposed by this section. It is obvious that in each of these circumstances, the certificate is required from the seller for purposes of calculating the sales tax. For that reason it is our belief that the criminal penalty is intended to be imposed on all sellers whether they are engaged in the business of dealing in such merchandise or whether they are selling a private automobile and are not engaged in such business.
4. When you refer to the second clause of Regulation 1-20(5)e, we assume that you refer to that portion of the sentence which states, `Any tax was previously paid by the donor.' That regulation exempts certain types of transactions from the sales tax. It exempts motor vehicles purchased by residents of other states and then brought into this state. It exempts vehicles purchased by common or contract carriers. It exempts vehicles purchased for the purpose of rental or leasing where a sales tax is to be collected on that activity. It exempts vehicles purchased by government entities and certain specifically named types of organizations such as schools, colleges, and other charitable or religious entities. The sales tax imposed by the State of Nebraska is imposed upon the gross receipts from all sales of tangible personal property. We assume your question is intended to get at the potential method of avoiding sales tax whereby a person purchases a motor vehicle in the ordinary course of business and then gives that motor vehicle to a third party without paying any sales tax on the purchase. This, of course, would be a way of avoiding the sales tax where a gift is made of a particular item. However, the sales tax arises at the time the transaction happens. If the vehicle is not registered by the purchaser, the purchaser is required to pay the tax within 20 days. Therefore, even though the purchaser may have completed the transaction and intend not to register the vehicle, but rather to make a gift of the vehicle, notwithstanding that fact, the tax arose at the time of the purchase and is due within 20 days after the purchase if no registration is contemplated. Therefore, it is our opinion that the second section of the regulation is valid in that it is intended to assure the tax collecting body that if a tax was previously due on the vehicle, that it had been paid. If the tax had not been paid, as required by the certification statute, then registration would properly be denied.
5. In your final question we assume that you are attempting to get at the situation where an individual certifies that the transaction was a gift and includes on a certification the statement that the tax previously due was paid. If such a certification is made by the individual making the gift, then, and in that event, the treasurer must issue the registration assuming all other requirements have been met. If, however, the certification is incomplete in that there is no statement that the tax previously due has been paid, it would be proper to deny registration of the vehicle because of the incompleteness of the certification under the regulations of the Tax Commissioner.